﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190723-16689
DATE: June 16, 2020

ORDER

Entitlement to a certificate of eligibility for specially adapted housing is granted.

Entitlement to a certificate of eligibility for special home adaptation grant is denied

FINDINGS OF FACT

1. The Veteran has a total disability rating due at least in part to loss of use of both lower extremities due to his service-connected amputation of upper third of left leg; multiple varicosities of the right lower extremity; degenerative joint disease of the right hip; and right thigh peripheral neuropathy. 

2. This Board decision is awarding the Veteran a certificate of eligibility for specially adapted housing, which precludes him from a separate award for a special home adaptation grant.

CONCLUSIONS OF LAW

1. The criteria for entitlement to a certificate of eligibility for specially adapted housing have been met. 38 U.S.C. §§ 3901, 3902, 5107; 38 C.F.R. §§ 3.102, 3.350, 3.809. 

2. The criteria for entitlement to a certificate of eligibility for a special home adaptation grant have not been met. 38 U.S.C. §§ 2101(b), 5103, 5107; 38 C.F.R. § 3.809a. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1966 to December 1967. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program “RAMP,” the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

In a February 2019 rating decision, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claims for specially adapted housing and special home adaption. The Veteran submitted a June 2019 request for higher level review (VA Form 20-0096). A July 2019 rating decision was issued addressing both issues on appeal. The Veteran submitted a timely July 2019 VA Form 10182 (Notice of Disagreement (NOD)) to opt-in to AMA from the February 2019 rating decision and, in so doing, requested the AMA Evidence Review lane. This lane allows for the submission of additional evidence within 90 days of the election to appeal to the Board. The Board has considered the evidence before the AOJ at the time of the February 2019 AMA decision, as well as any evidence received within 90 days of the July 2019 NOD. 

Entitlement to a certificate of eligibility for a special home adaptation grant and special home adaptation.

Eligibility for assistance in acquiring specially adapted housing under 38 U.S.C. § 2101(a) may be granted if a Veteran is entitled to compensation for permanent and total disability due to: (1) the loss, or loss of use, of both lower extremities such as to preclude locomotion without the aid of braces, crutches, canes, or a wheelchair; or (2) blindness in both eyes, having only light perception, plus the anatomical loss or loss of use of one lower extremity; (3) the loss or loss of use of one lower extremity together with residuals of organic disease or injury that so affect the functions of balance or propulsion as to preclude locomotion without the aid of braces, crutches, canes, or a wheelchair; (4) the loss or loss of use of one lower extremity together with the loss or loss of use of one upper extremity which so affect the functions of balance or propulsion as to preclude locomotion without the aid of braces, crutches, canes, or a wheelchair; (5) the loss or loss of use of both upper extremities such as to preclude use of the arms at or above the elbow; or (6) full thickness or subdermal burns that have resulted in contractures with limitation of motion of two or more extremities or of at least one extremity and the trunk. 38 C.F.R. § 3.809.

A certificate of eligibility for assistance in acquiring a special home adaptation grant may be issued to a veteran who served after April 20, 1898; is not entitled to a certificate of eligibility for assistance in acquiring specially adapted housing under 38 C.F.R. § 3.809 ; and has not previously received assistance in acquiring specially adapted housing under 38 U.S.C. § 2101(a); and is entitled to compensation for permanent and total disability which (1) is due to blindness in both eyes, having central visual acuity of 20/200 or less in the better eye with the use of a standard correcting lens; (2) includes the anatomical loss or loss of use of both hands; (3) is due to deep partial thickness burns that have resulted in contractures with limitation of motion of two or more extremities or of at least one extremity and the trunk; (4) is due to full thickness of subdermal burns that have resulted in contractures with some limitation of motion of one or more of the extremities or the trunk, or (5) is due to residuals of an inhalation injury (including, but not limited to, pulmonary fibrosis, asthma, and chronic obstructive pulmonary disease). 38 U.S.C. § 2101 (b); 38 C.F.R. § 3.809a.

To “preclude locomotion” means that the disability in question requires the need for regular and constant use of a wheelchair, braces, crutches or canes as a normal mode of locomotion although occasional locomotion by other methods may be possible. 38 C.F.R. § 3.809 (c).

Recently, the United States Court of Appeals for Veterans Claims (Court) has determined that the term “loss of use” in the context of specially adapted housing claims means “a deprivation of the ability to avail oneself of the anatomical region in question. It is a general term, one that can readily accept additional specificity in various circumstances. Adjacent modifiers and, in the case of [special monthly compensation], regulatory efforts create that specificity.” Jensen v. Shulkin, 29 Vet. App. 66 (2017).

The Court in Jensen dismissed the concern that “‘every time an individual is prescribed an assistive device in conjunction with a lower extremity disability, he or she would then automatically be eligible to receive’ [specially adapted housing].” Jensen, supra, at 15. Rather, it lays out four elements that must be satisfied to establish entitlement to such benefit: “That individual must (1) have a permanent and total disability (2) due to a disorder that (3) involves both lower extremities and (4) causes a loss of use so severe that it precludes locomotion without the regular and constant use of assistive devices. There are plenty of limitations built into that standard.” Jensen, supra, at 15-16. [Emphasis in original.]

The Veteran’s service-connected disabilities include amputation of upper third of left leg; arteriosclerotic heart disease with angina pectoris and hypertension associated with amputation of upper third of the left leg; posttraumatic stress disorder (PTSD); multiple varicosities of the right lower extremity; arthritis, shoulders and elbows; lumbosacral strain with degenerative joint disease; degenerative joint disease of the right hip; and peripheral neuropathy of the proximal antral medial thigh. See July 2019 rating code sheet. The Veteran has a combined 100 percent rating since July 1, 1998. Id. 

The medical evidence of record indicates that the Veteran has used bilateral forearm crutches for ambulation. See May 1991 VA examination report. Additionally, the Veteran has reported that he needs to use a wheelchair 90 percent to 100 percent of the time, and he has fallen in the shower and bathtub. See December 2018 VA Form 26-4555. The Veteran’s statements, along with the medical and additional evidence of record, reasonably establishes that the Veteran has deprivation of the ability to avail himself of his lower extremities to the point that it precludes locomotion without his forearm crutches/wheelchair on account of his service-connected amputation of upper third of left leg; multiple varicosities of the right lower extremity; degenerative joint disease of the right hip; and peripheral neuropathy of the proximal antral medial thigh disabilities. Consequently, he is reasonably shown to have a loss of use so severe that it precludes locomotion without the regular and constant use of assistive devices. Also, as noted above, the Veteran has been in receipt of a combined 100 disability rating, and his 100 percent rating is due, at least in part, to his service-connected amputation of upper third of left leg; multiple varicosities of the right lower extremity; degenerative joint disease of the right hip; and peripheral neuropathy of the proximal antral medial thigh disabilities. Therefore, resolving all reasonable doubt in the Veteran’s favor, he has a permanent and total disability due to a disorder(s) that involves both lower extremities and precludes locomotion without the regular and constant use of assistive devices. Accordingly, the Veteran meets all necessary criteria for eligibility for a certificate of entitlement to specially adapted housing and this benefit is granted. 38 C.F.R. §§ 3.102, 3.809.

Because the Veteran is being awarded entitlement to specially adapted housing, the controlling regulations preclude him from additionally receiving a special home adaptation grant. 38 U.S.C. § 2101(b); 38 C.F.R. § 3.809a. Additionally, there is no indication or specific allegation of record that the Veteran meets the specific disability criteria for this award. Consequently, entitlement to a special home adaptation grant must be denied as a matter of law. Id. 

 

 

N. RIPPEL

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Schick, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.